44. The John Doe Defendants were motivated to participate in the wrongful scheme by the enormous profits they derived thereby. They systematically pursued the scheme with full knowledge of its consequences to other investors.

## FIRST CLAIM

### Against the Columbia Funds Registrants For Violations of Section 11 Of The Securities Act

45. Plaintiff repeats and realleges each and every allegation contained above as if fully set fort herein, except that, for purposes of this claim, plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct and otherwise incorporates the allegations contained above.

46. This claim is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class against the Registrants.

47. The Registrants are statutorily liable under Section 11. The Registrants issued, caused to be issued and participated in the issuance of the materially false and misleading written statements and/or omissions of material facts that were contained in the Prospectuses.

48. Prior to purchasing units of the Columbia Newport Greater China Fund, plaintiff was provided the appropriate Prospectus and, similarly, prior to purchasing units of each of the other Columbia Funds, all Class members likewise received the appropriate prospectus. Plaintiff and other Class members purchased shares of the Columbia Funds traceable to the false and misleading Prospectuses.

49. As set forth herein, the statements contained in the Prospectuses were materially false and misleading for a number of reasons, including that they stated that it was the practice of the Columbia Funds to monitor and take steps to prevent timed trading because of its adverse effect on fund investors, when, in fact, the John Doe Defendants were allowed to engage in

timed trading. The Prospectuses failed to disclose and misrepresented, *inter alia*, the following material and adverse facts:

(a) that defendants had entered into an agreement allowing the John Doe Defendants to time their trading of the Columbia Funds shares;

(b) that, pursuant to that agreement, the John Doe Defendants regularly timed their trading in the Columbia Funds shares;

(c) that, contrary to the express representations in the Prospectuses, the Columbia Funds enforced their policy against frequent traders selectively, *i.e.*, they did not enforce it against the John Doe Defendants;

(d) that the Fund Defendants regularly allowed the John Doe Defendants to engage in trades that were disruptive to the efficient management of the Columbia Funds and/or increased the Columbia Funds' costs and thereby reduced the Columbia Funds' actual performance; and

(e) the Prospectuses failed to disclose that, pursuant to the unlawful agreements, the Fund Defendants benefited financially at the expense of the Columbia Funds investors.

50. Plaintiff and the Class have sustained damages. The value of the Columbia Funds shares decreased substantially subsequent to and due to defendants' violations.

51. At the time they purchased the Columbia Funds shares traceable to the defective Prospectuses, plaintiff and Class members were without knowledge of the facts concerning the false and misleading statements or omission alleged herein and could not reasonably have possessed such knowledge. This claim was brought within the applicable statute of limitations.

## SECOND CLAIM

### Against FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor as Control Persons of the Columbia Funds Registrants For Violations of Section 15 of the Securities Act

52. Plaintiff repeats and realleges each and every allegation contained above, except that for purposes of this claim, plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional reckless misconduct and otherwise incorporates the allegations contained above.

53. This Claim is brought pursuant to Section 15 of the Securities Act against FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor as control persons of the Columbia Funds Registrants. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the false, misleading, and incomplete information conveyed in the Registrants' Prospectuses, public filings, press releases and other publications are the collective actions of FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor.

54. The Columbia Funds Registrants are each liable under Section 11 of the Securities Act as set forth herein.

55. Each of FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor was a "control person" of Columbia Funds Registrants within the meaning of Section 15 of the Securities Act, by virtue of their position of operational control and/or authority over such funds -- FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor directly and indirectly, had the power and authority, and exercised the same, to cause Columbia Funds Registrants to engage in the wrongful conduct complained of herein. FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor issued, caused to be

issued, and participated in the issuance of materially false and misleading statements in the Prospectuses.

56. Pursuant to Section 15 of the Securities Act, by reason of the foregoing, FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor are liable to plaintiff to the same extent as are each of the Registrants for their primary violations of Section 11 of the Securities Act.

57. By virtue of the foregoing, plaintiff and other Class members are entitled to damages against FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor.

## VIOLATIONS OF THE EXCHANGE ACT

### APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE MARKET DOCTRINE

58. At all relevant times, the market for Columbia Funds was efficient for the following reasons, among others:

(a) The Columbia Funds met the requirements for listing, and were listed and actively bought and sold through a highly efficient and automated market;

(b) As regulated entities, periodic public reports concerning the Columbia Funds were regularly filed with the SEC;

(c) Persons associated with the Columbia Funds regularly communicated with public investors *via* established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

   (d) The Columbia Funds were followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

  59. As a result of the foregoing, the market for the Columbia Funds promptly digested current information regarding Columbia Funds from all publicly available sources and reflected such information in the respective Columbia Funds' NAV. Investors who purchased or otherwise acquired shares or interests in the Columbia Funds relied on the integrity of the market for such securities. Under these circumstances, all purchasers of the Columbia Funds during the Class Period suffered similar injury through their purchase or acquisition of Columbia Funds securities at distorted prices that did not reflect the risks and costs of the continuing course of conduct alleged herein, and a presumption of reliance applies.

**THIRD CLAIM**

**Violation Of Section 10(b) Of
The Exchange Act And Rule 10b-5
Promulgated Thereunder Against All Defendants**

  60. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

  61. During the Class Period, each of the defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did deceive the investing public, including plaintiff and other Class members, as alleged herein and cause plaintiff and other members of the Class to purchase Columbia Funds shares or interests at distorted prices and to otherwise suffer damages. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

62. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Columbia Funds' securities, including plaintiff and other members of the Class, in an effort to enrich themselves through undisclosed manipulative trading tactics by which they wrongfully appropriated Columbia Funds' assets and otherwise distorted the pricing of their securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All defendants are sued as primary participants in the wrongful and illegal conduct and scheme charged herein.

63. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the Columbia Funds' operations, as specified herein.

64. These defendants employed devices, schemes and artifices to defraud and a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from secretly timed trading and thereby engaged in transactions, practices and a course of business which operated as a fraud and deceit upon plaintiff and members of the Class.

65. The defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

66. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Columbia Funds

securities were distorted during the Class Period such that they did not reflect the risks and costs of the continuing course of conduct alleged herein. In ignorance of these facts that market prices of the shares were distorted, and relying directly or indirectly on the false and misleading statements made by the Fund Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, plaintiff and the other members of the Class acquired the shares or interests in the Columbia Funds during the Class Period at distorted prices and were damaged thereby.

67. At the time of said misrepresentations and omissions, plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had plaintiff and other members of the Class and the marketplace known of the truth concerning the Columbia Funds' operations, which were not disclosed by defendants, plaintiff and other members of the Class would not have purchased or otherwise acquired their shares or, if they had acquired such shares or other interests during the Class Period, they would not have done so at the distorted prices which they paid.

68. By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

69. As a direct and proximate result of defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Columbia Funds shares during the Class Period.

## FOURTH CLAIM

**Against FleetBoston (as a Control Person of Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants and the Columbia Funds), Columbia Management, Columbia Wanger, and Columbia Distributor (as Control Persons of Columbia Funds Registrants and Columbia Funds), Columbia Funds Registrants (as a Control Person of Columbia Funds)**
### For Violations of Section 20(a) of the Exchange Act

70. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

71. This Claim is brought pursuant to Section 20(a) of the Exchange Act against FleetBoston, as a control person of Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants and the Columbia Funds; Columbia Management, Columbia Wanger, and Columbia Distributor as control persons of Columbia Funds Registrants and the Columbia Funds; and Columbia Funds Registrants as a control person of the Columbia Funds.

72. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the materially false, misleading, and incomplete information conveyed in the Columbia Funds' public filings, press releases and other publications are the collective actions of FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds.

73. Each of FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds acted as controlling persons of the Columbia Funds within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the Columbia Funds' respective businesses and systematic involvement in the fraudulent scheme alleged herein, FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds

Registrants, and Columbia Funds each had the power to influence and control and did influence and control, directly or indirectly, the decision-making and actions of the Columbia Funds, including the content and dissemination of the various statements which plaintiff contends are false and misleading. FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds had the ability to prevent the issuance of the statements alleged to be false and misleading or cause such statements to be corrected.

74.     In particular, each of FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds had direct and supervisory involvement in the operations of the Columbia Funds and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

75.     As set forth above, FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their positions as controlling persons, FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other members of the Class suffered damages in connection with their purchases of Columbia Funds securities during the Class Period.

# VIOLATIONS OF THE INVESTMENT ADVISERS ACT

## FIFTH CLAIM

### For Violations of Section 206 of The Investment Advisers Act of 1940 Against Columbia Management and Columbia Wanger [15 U.S.C. §80b-6 and 15 U.S.C. §80b-15]

76. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

77. This Count is based upon Section 215 of the Investment Advisers Act, 15 U.S.C. §80b-15.

78. Columbia Management and/or Columbia Wanger served as an "investment adviser" to plaintiff and other members of the Class pursuant to the Investment Advisers Act.

79. As a fiduciary pursuant to the Investment Advisers Act, Columbia Management and Columbia Wanger were required to serve plaintiff and other members of the Class in a manner in accordance with the federal fiduciary standards set forth in Section 206 of the Investment Advisers Act, 15 U.S.C. §80b-6, governing the conduct of investment advisers.

80. During the Class Period, Columbia Management and Columbia Wanger breached their fiduciary duties owed to plaintiff and the other members of the Class by engaging in a deceptive contrivance, scheme, practice and course of conduct pursuant to which it knowingly and/or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud upon plaintiff and other members of the Class. As detailed above, Columbia Management and Columbia Wanger allowed the John Doe Defendants to secretly engage in timed trading of the Columbia Funds shares. The purposes and effect of said scheme, practice and course of conduct was to enrich Columbia Management and Columbia Wanger, among other defendants, at the expense of plaintiff and other members of the Class.

81. Columbia Management and Columbia Wanger breached their fiduciary duties owed to plaintiff and other Class members by engaging in the aforesaid transactions, practices and courses of business knowingly or recklessly so as to constitute a deceit and fraud upon plaintiff and the Class members.

82. Columbia Management and Columbia Wanger are liable as direct participants in the wrongs complained of herein. Columbia Management and Columbia Wanger, because of their position of authority and control over the Columbia Funds were able to and did: (1) control the content of the Prospectuses; and (2) control the operations of the Columbia Funds.

83. Columbia Management and Columbia Wanger had a duty to (1) disseminate accurate and truthful information with respect to the Columbia Funds; and (2) truthfully and uniformly act in accordance with its stated policies and fiduciary responsibilities to plaintiff and members of the Class. Columbia Management and Columbia Wanger participated in the wrongdoing complained of herein in order to prevent plaintiff and other members of the Class from knowing of Columbia Management's and Columbia Wanger's breaches of fiduciary duties including: (1) increasing its profitability at plaintiff's and other members of the Class' expense by allowing the John Doe Defendants to secretly time their trading of the Columbia Funds shares; and (2) placing its interests ahead of the interests of plaintiff and other members of the Class.

84. As a result of Columbia Management's and Columbia Wanger's multiple breaches of its fiduciary duties owed plaintiff and other members of the Class, plaintiff and other Class members were damaged.

85. Plaintiff and other Class members are entitled to rescind their investment advisory contracts with Columbia Management and Columbia Wanger and recover all fees paid in connection with their enrollment pursuant to such agreements.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and appointing plaintiff as Lead Plaintiff and her counsel as Lead Counsel for the Class and certifying her as a Class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) awarding plaintiff and the Class rescission of their contract with Columbia Management and Columbia Wanger, and recovery of all fees paid to Columbia Management and Columbia Wanger pursuant to such agreement;

(d) Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(e) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:    February 13, 2004

MOULTON & GANS, P.C.

By: _____
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, MA 02109-4216
Tel: (617) 369-7979
Fax: (617) 369-7980

- 34 -

**MILBERG WEISS BERSHAD
HYNES & LERACH LLP**
Melvyn I. Weiss
Steven G. Schulman
Peter E. Seidman
Sharon M. Lee
One Pennsylvania Plaza
New York, NY  10119-0165
Tel: (212)594-5300
Fax: (212) 868-1229

**RABIN, MURRAY & FRANK LLP**
Eric J. Belfi
275 Madison Avenue
New York, NY  10016
Tel: (212) 682-1818

**GLANCY & BINKOW LLP**
Lionel Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Tel: (310) 201-9150

**Attorneys for Plaintiff**

START CERTIFICATION

## GLANCY & BINKOW LLP
## SWORN CERTIFICATION OF PLAINTIFF CATHERINE DUKES
## COLUMBIA FUNDS SECURITIES LITIGATION

I, CATHERINE DUKES, certify that:

1. I have reviewed the Complaint and authorized its filing.
2. I did not purchase COLUMBIA FUNDS, the security that is the subject of this action, at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.
3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.
4. My transactions in COLUMBIA FUNDS during the Class Period set forth in the Complaint are as follows:

I bought 104.396 shares of Columbia Newport Greater China A on 12/02/03 at $ 20.92 per share

I bought 0.607 shares of Columbia Newport Greater China A on 12/04/03 at $ 19.52 per share

I bought 4.46 shares of Columbia Newport Greater China A on 01/07/04 at $ 22.42 per share

I bought 10.022 shares of Columbia Newport Greater China A on 01/14/04 at $ 22.92 per share

I bought 6.611 shares of Columbia Newport Greater China A on 01/30/04 at $ 22.68 per share

I bought 8.969 shares of Columbia Newport Greater China A on 02/02/04 at $ 22.29 per share

(List Additional Transactions On Separate Page If Necessary)

5. I have not served as a representative party on behalf of a class under this title during the last three years.
6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

Dated: 13 Feb 04

*(signature)*
(Please Sign Your Name Above)
Catherine Dukes