## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHERINE DUKES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA ACORN SELECT, COLUMBIA ACORN USA, COLUMBIA ASSET ALLOCATION FUND, COLUMBIA BALANCED FUND, COLUMBIA COMMON STOCK FUND, COLUMBIA DISCIPLINED VALUE FUND, COLUMBIA DIVIDEND INCOME FUND, COLUMBIA GROWTH & INCOME FUND, COLUMBIA GROWTH FUND, COLUMBIA GROWTH STOCK FUND, COLUMBIA LARGE CAP CORE FUND, COLUMBIA LARGE CAP GROWTH FUND, COLUMBIA LARGE COMPANY INDEX FUND, COLUMBIA LIBERTY FUND, COLUMBIA MID CAP GROWTH VALUE FUND, COLUMBIA REAL ESTATE EQUITY FUND, COLUMBIA SMALL CAP FUND, COLUMBIA SMALL CAP VALUE FUND, COLUMBIA SMALL COMPANY EQUITY FUND, COLUMBIA SMALL COMPANY INDEX FUND, COLUMBIA STRATEGIC INVESTORS FUND, COLUMBIA TAX-MANAGED AGGRESSIVE GROWTH FUND, COLUMBIA TAX-MANAGED GROWTH FUND, COLUMBIA TAX-MANAGED GROWTH FUND II, COLUMBIA TAX-MANAGED VALUE FUND, COLUMBIA TECHNOLOGY FUND, COLUMBIA THERMOSTAT FUND, COLUMBIA UTILITIES FUND, COLUMBIA YOUNG INVESTORS FUND, COLUMBIA ACORN INTERNATIONAL, COLUMBIA ACORN INTERNATIONAL SELECT, COLUMBIA EUROPE FUND, COLUMBIA GLOBAL | Civil Action No. 1:04-CV-10315 (PBS)<br><br>THIS DOCUMENT RELATES TO:<br><br>1:04-CV-10355 (PBS);<br>1:04-CV-10405 (PBS);<br>1:04-CV-10408 (PBS);<br>1:04-CV-10534 (PBS);<br>1:04-CV-10603 (PBS).<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE BONELLI PLAINTIFF GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL** |

00002243.WPD ; 1

EQUITY FUND, COLUMBIA )
INTERNATIONAL EQUITY FUND, )
COLUMBIA INTERNATIONAL STOCK )
FUND, COLUMBIA NEWPORT ASIA )
PACIFIC FUND, COLUMBIA NEWPORT )
JAPAN, COLUMBIA OPPORTUNITIES )
FUND; COLUMBIA GREATER CHINA )
FUND, COLUMBIA NEWPORT TIGER )
FUND, COLUMBIA CONTRARIAN )
INCOME FUND, COLUMBIA CORPORATE )
BOND FUND, COLUMBIA FEDERAL )
SECURITIES FUND, COLUMBIA FIXED )
INCOME SECURITIES FUND, COLUMBIA )
FLOATING RATE FUND, COLUMBIA )
HIGH YIELD FUND, COLUMBIA HIGH )
YIELD OPPORTUNITY FUND, COLUMBIA )
INCOME FUND, COLUMBIA )
INTERMEDIATE BOND FUND, )
COLUMBIA INTERMEDIATE )
GOVERNMENT INCOME FUND, )
COLUMBIA MONEY MARKET FUND, )
COLUMBIA QUALITY PLUS BOND FUND, )
COLUMBIA STRATEGIC INCOME FUND, )
COLUMBIA U.S. TREASURY INDEX )
FUND, COLUMBIA CALIFORNIA TAX- )
EXEMPT FUND, COLUMBIA )
CONNECTICUT INTERMEDIATE )
MUNICIPAL BOND FUND, COLUMBIA )
CONNECTICUT TAX-EXEMPT FUND, )
COLUMBIA FLORIDA INTERMEDIATE )
MUNICIPAL BOND FUND, COLUMBIA )
HIGH YIELD MUNICIPAL FUND, )
COLUMBIA INTERMEDIATE TAX- )
EXEMPT BOND FUND, COLUMBIA )
MANAGED MUNICIPALS FUND, )
COLUMBIA MASSACHUSETTS )
INTERMEDIATE MUNICIPALS BOND )
FUND, COLUMBIA MASSACHUSETTS )
TAX-EXEMPT FUND, COLUMBIA )
MUNICIPAL MONEY MARKET FUND, )
COLUMBIA NATIONAL MUNICIPAL )
BOND FUND, COLUMBIA NEW JERSEY )
INTERMEDIATE MUNICIPAL BOND )

INTERMEDIATE MUNICIPAL BOND )
FUND, COLUMBIA NEW YORK TAX- )
EXEMPT FUND, COLUMBIA OREGON )
MUNICIPAL BOND FUND, COLUMBIA )
PENNSYLVANIA INTERMEDIATE )
MUNICIPAL BOND FUND, COLUMBIA )
RHODE ISLAND INTERMEDIATE )
MUNICIPAL BOND FUND, COLUMBIA )
TAX-EXEMPT FUND, COLUMBIA TAX- )
EXEMPT INSURED FUND, COLUMBIA )
SMALL CAP GROWTH FUND, COLUMBIA )
EUROPEAN THEMATIC EQUITY FUND, )
COLUMBIA GLOBAL THEMATIC EQUITY )
FUND, COLUMBIA DAILY INCOME )
COMPANY FUND (collectively known as )
"COLUMBIA FUNDS"); COLUMBIA )
ACORN TRUST, COLUMBIA BALANCED )
FUND INC./OR COLUMBIA COMMON )
STOCK FUND INC., COLUMBIA DAILY )
INCOME COMPANY, COLUMBIA FIXED )
INCOME SECURITIES FUND, INC., )
COLUMBIA FUNDS TRUST I, COLUMBIA )
FUNDS TRUST II, COLUMBIA FUNDS )
TRUST III, COLUMBIA FUNDS TRUST IV, )
COLUMBIA FUNDS TRUST IX, )
COLUMBIA FUNDS TRUST V, COLUMBIA )
FUNDS TRUST VI, COLUMBIA FUNDS )
TRUST VII, COLUMBIA FUNDS TRUST )
VIII, COLUMBIA FUNDS TRUST XI, )
COLUMBIA GROWTH FUND INC., )
COLUMBIA HIGH YIELD FUND INC., )
COLUMBIA INSTITUTIONAL FLOATING )
RATE INCOME FUND, COLUMBIA )
INTERNATIONAL STOCK FUND INC., )
COLUMBIA OREGON MUNICIPAL BOND )
FUND INC., COLUMBIA NATIONAL )
MUNICIPAL BOND FUND INC., )
COLUMBIA REAL ESTATE EQUITY )
FUND, COLUMBIA SHORT TERM BOND )
FUND INC., COLUMBIA SMALL CAP )
GROWTH FUND INC., COLUMBIA )
STRATEGIC INVESTOR FUND INC., )
COLUMBIA TECHNOLOGY FUND INC., )

| | |
|---|---|
| REGISTRANTS"); FLEETBOSTON | ) |
| FINANCIAL CORPORATION, COLUMBIA | ) |
| MANAGEMENT GROUP INC., COLUMBIA | ) |
| MANAGEMENT ADVISORS INC., | ) |
| COLUMBIA WANGER ASSET | ) |
| MANAGEMENT L.P., COLUMBIA FUNDS | ) |
| DISTRIBUTOR INC., and JOHN DOES 1- | ) |
| 100, | ) |
| | ) |
| Defendants. | ) |

## PRELIMINARY STATEMENT

The above-captioned actions (collectively, the "Related Actions") are class action lawsuits that have been brought against FleetBoston Financial Corporation, Columbia Management Group, Inc., and Columbia Management Advisors, Inc. (collectively, "Columbia"), certain officers and/or directors of the Company, and various Mutual Funds the Company manages (the "Columbia Mutual Funds"),[1] alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, the Investment Company Act, and the Investment Advisers Act.

Blake Bonelli, Harry & Elaine Ellis, Charles Cordier and the Robert Glenn Rapp Foundation (collectively, the "Bonelli Plaintiff Group" or "Movants") are investors of Columbia Mutual Funds[2] between February 13, 1999, and January 14, 2004, inclusive (the "Class Period") who, in response to notice of the pending lawsuits, retained the law firm of Schiffrin & Barroway, LLP to represent their interests and have combined investments in Columbia Mutual Funds totaling approximately $1,408,674.[3]

---

[1]  A complete list of the Columbia Mutual Funds named as defendants is attached hereto as Exhibit A to the Declaration of Darren J. Check In Support of The Motion Of The Bonelli Plaintiff Group To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel and Liaison Counsel (the "Check Decl.").

[2]  The Bonelli Plaintiff Group invested in the following Columbia Mutual Funds: Columbia Utilities Fund, Columbia Acorn USA, Columbia Acorn Fund, Columbia Balanced Fund and Columbia Small Cap Value Fund.

[3]  In addition to the Columbia Mutual Funds invested in by the Bonelli Plaintiff Group, Schiffrin & Barroway, LLP has been retained by investors in the following additional Columbia Mutual Funds to pursue this action on their behalf: Columbia Acorn Select, Columbia Growth & Income Fund, Columbia Small Cap Fund, Columbia Tax-Managed Growth Fund, Columbia

As demonstrated herein, the Bonelli Plaintiff Group is suitable and adequate to represent the Class of investors in Columbia Mutual Funds. Movants' investments represent the largest known "financial interest" of any Class member(s) seeking to be appointed as lead plaintiff.[4] See Check Decl. at Exhibit B.[5] Movants are not aware of any other Class member or group of Class members that has filed an action or an application for appointment as lead plaintiff with as large an investment in the relevant Columbia Mutual Funds. Moreover, the Movants satisfy each of the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, are qualified for appointment as lead plaintiffs in this action. Thus, as demonstrated herein, Movants are presumptively the most adequate plaintiffs and should be appointed lead plaintiffs.

Movants respectfully submit this memorandum of law in support of their motion, pursuant to Section 27 of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B) and Section 21D of the

---

Greater China Fund, Columbia Newport Tiger Fund, Columbia Floating Rate Advantage Fund, Columbia High Yield Fund, Columbia Intermediate Bond Fund, Columbia High Yield Municipal Fund, Columbia New York Tax-Exempt Fund, and Columbia Tax-Exempt Fund.

[4]     Absent an approved formula for measuring financial losses at this time, the Bonelli Plaintiff Group submits their certifications (pursuant to Section 27 of the Securities Act, 15 U.S.C. §77z-1(a)(2)(A) and Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A)) which reflect the value of their investments in the various Columbia Mutual Funds. Regardless of the formula eventually approved for assessing financial losses in these actions, the total investment value held by Class members during the relevant Class Period will be essential in determining "financial interest." Should the Court require more information at a later date regarding Movants' transactions, they expressly reserve the right to supplement this filing. One's investment totals, however, should not be confused with one's legally compensable damages, measurement of which is a complex legal question and which has not been determined at this stage of the litigation.

[5]     The Bonelli Plaintiff Group's sworn certifications documenting their investments pursuant to the federal securities laws are attached as Exhibit B to the Check Decl.

Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Bonelli Plaintiff Group to serve as lead plaintiffs pursuant to Section 27 of the Securities Act and Section 21D of the Exchange Act; (3) approving Movants' selection of Schiffrin & Barroway, LLP as lead counsel for the Class; and (4) approving Movants' selection of Gilman and Pastor, LLP as liaison counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced in this jurisdiction on or about February 13, 2004. Pursuant to 15 U.S.C. §78z-1(a)(3)(A)(i) and 15 U.S.C. §78u-4(a)(3)(A)(i), on February 13, 2004, the first notice that a class action had been initiated against defendants was published over *PR Newswire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of the pendency of the action as well as their right to move the Court to serve as lead plaintiff no later than April 13, 2004. See Check Decl. at Exhibit D.

Movants are class members (see Check Decl. at Exhibit B) and are timely filing this motion within the 60-day period following publication of the February 13, 2004 notice pursuant to Sections 27 and 21D of the PSLRA.

## STATEMENT OF FACTS[/6]

FleetBoston Financial Corporation ("FleetBoston") is a Boston, Massachusetts based financial services firm providing asset management, mutual fund, retail, private and commercial

---

[/6]    These facts were derived from the allegations contained in the class action styled as *AB Medical Equipment Corp. v. FleetBoston Financial Corporation, et al.,* Case No. 1:04-CV-10355 (PBS).

banking, investment banking and insurance services through its subsidiaries.

Throughout the Class Period, defendants agreed to allow favored investors to engage in "timing" of the Columbia Mutual Funds. "Timing" is an investment technique involving short-term "in-and-out" trading of mutual fund shares designed to exploit the inefficiencies in the way mutual fund companies set their net asset values ("NAVs"), contrary to the traditional buy-and-hold investment theory of mutual funds. Additionally, the Columbia Mutual Funds' prospectuses stated that the funds monitor for "timing" and work to prevent it.

Aside from dilution, "timers" also harm their target funds by imposing their transaction costs on the long-term investors. Trades necessitated by "timer" redemptions may also lead to the realization of taxable capital gains at an undesirable time or may result in managers having to sell stock, therefore reducing the overall performance of the fund by requiring the fund manager to keep a certain amount of the funds' assets in cash at all times. As a result, investors are deprived of the ability to be fully invested in a rising market.

Columbia Wanger L.P., Columbia Management Advisors, Inc., and Columbia Management Group, Inc., as managers of the Columbia Mutual Funds, and each of the relevant fund managers, profited from fees FleetBoston charged to the Columbia Mutual Funds. These fees are measured as a percentage of the assets under management. The Columbia Mutual Fund managers accepted the offers by favored investors for more assets in exchange for the right to "time," also known as "sticky assets." Furthermore, the Columbia Mutual Funds' prospectuses did not disclose the approved market "timing" activity.

By allowing favored investors to dilute the value of the Columbia Mutual Funds, defendants essentially allowed favored investors to take a cut of the profits from the class

members.

## ARGUMENT

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of Class members who

purchased Columbia Mutual Fund shares during the Class Period.[7]  Each of the Related Actions

asserts essentially similar and overlapping class claims brought on behalf of purchasers or

redeemers of the Columbia Mutual Fund shares (of the funds enumerated in Exhibit A to the

Check Decl.) who purchased in reliance on the materially false and misleading statements and

omissions at all relevant times.  Consolidation is appropriate where, as here, there are actions

involving common questions of law or fact.  See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp.,

899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990).  That test is met here.

Therefore, these Related Actions should be consolidated.

## II.    THE BONELLI PLAINTIFF GROUP
##        SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.    The Bonelli Plaintiff Group Has Satisfied
###        The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee

securities class actions brought pursuant to the Federal Rules of Civil Procedure.  See 15 U.S.C.

§77z-1(a)(3)(B); 15 U.S.C. §78u-4(a)(3)(B).

First, the plaintiff who files the initial action must, within 20 days of filing the action,

publish a notice to the class informing class members of their right to file a motion for

---

[7]    Indeed, as may be further developed during the course of litigation, holders of Columbia
Mutual Funds during the relevant time period may have also been harmed under other theories of
liability.  Movants are investors who purchased shares of Columbia Mutual Funds.

appointment as lead plaintiff.  15 U.S.C. §77z-1(a)(3)(A)(i); 15 U.S.C. §78u-4(a)(3)(A)(i).

Plaintiff in the first-filed action published a notice over the *PR Newswire* on February 13, 2004.

<u>See</u> Check Decl. at Exhibit C.[8]

Within 60 days after publication of the required notice, any member or members of the

proposed Class may apply to the Court to be appointed as lead plaintiff(s), whether or not they

have previously filed a complaint in this action.  15 U.S.C. §77z-1(a)(3)(a) and (B); 15 U.S.C.

§78u-4(a)(3)(A) and (B).  This notice indicated that applications for appointment as lead plaintiff

were to be made no later than April 13, 2004.  Movants, having filed their motion by this

deadline are therefore timely.

> ### B.      The Bonelli Plaintiff Group
> ###         Constitutes The "Most Adequate Plaintiff"

According to the PSLRA, the Court shall consider any motion made by a Class member

and shall appoint as lead plaintiff(s) the member or group of members of the Class that the Court

determines to be most capable of adequately representing the interests of class members within

90 days after publication of the initial notice of pendency.  15 U.S.C. §77z-1(a)(3)(B)(i); 15

U.S.C. §78u-4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the Act provides

that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private
> action arising under this title is the person or group of persons that-
>
> >     (aa)  has either filed the complaint or made a motion in response to

---

[8]     *PR Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  <u>See generally</u> <u>In re Nice Systems Sec. Litig.</u>, 188 F.R.D. 206, 215 (D.N.J. 1999); <u>Greebel v. FTP Software, Inc.</u>, 939 F. Supp. 57, 62-64 (D. Mass. 1996); <u>Lax v. First Merchants Acceptance Corp.</u>, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

a notice . . .

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).  See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist. LEXIS 11866, at *7.

In applying this presumption, Movants are demonstrably the most adequate plaintiffs. Movants have timely filed their motion to be appointed lead plaintiffs along with their certifications attesting to their investments in Columbia Mutual Fund shares during the Class Period.  See Check Decl. at Exhibit B.  In addition, Movants, with investments totaling approximately $1,408,674 as a result of their purchasing shares of Columbia Mutual Funds during the Class Period, have the largest known financial interest in the relief sought by this action among Class members filing motions for appointment as lead plaintiff.  See Check Decl. at Exhibit C.  Indeed, Movants' Class Period investments are believed to represent the largest financial interest in this action.  Moreover, Movants have selected and retained competent and experienced counsel to represent themselves and the Class.  See Check Decl. at Exhibit E and F.

Accordingly, Movants have satisfied the individual requirements of  15 U.S.C. §77z-1 (a)(3)(B) and 15 U.S.C. §78u-4(a)(3)(B) and respectfully submit that the Court should appoint the Bonelli Plaintiff Group as lead plaintiffs, approve their selection of Schiffrin & Barroway, LLP as lead counsel for the Class, and approve their selection of Gilman and Pastor, LLP as liaison counsel for the Class.

### 1.     The Bonelli Plaintiff Group Has Made A Motion
### For Their Appointment As Lead Plaintiffs

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movants timely move this Court for the appointment of the Bonelli Plaintiff Group as lead plaintiffs on behalf of all plaintiffs and Class members covered by the Related Actions and any other actions deemed related by this Court.

### 2.     The Bonelli Plaintiff Group Has The Largest Financial Interest

According to 15 U.S.C. §77z-1(a)(3)(B)(iii) and 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the Class member who represents the largest financial interest in the relief sought by the action.

In traditional securities class actions brought pursuant to the PSLRA, the "financial interest" of a lead plaintiff movant is typically measured by the difference between the class-period purchase price and sale price of the securities after corrective disclosure of defendants' materially false and misleading statements. Shares held at the close of a class period are typically valued at the mean trading price for the security during the 90-day period following the corrective disclosure.

Undoubtedly, there will be a great deal of debate as to how precise damages should be calculated in these cases and it is a debate that will most likely not be answered completely at this stage of the litigation. For this reason, Movants present this Court with their approximate total investment value in Columbia Mutual Funds as well as the number of defendant funds in which Movants invested for purposes of assessing their "financial interest."

Movant's total investments in the Columbia Mutual Funds are valued at approximately

$1,408,674.  In addition, Schiffrin & Barroway, LLP has been retained by investors who invested

in 18 of the 80 defendant Columbia Mutual Funds during the relevant Class Period.

Accordingly, upon information and belief, Movants have the largest financial investments in the

defendant Columbia Mutual Funds of any other Movant or Movant group.  As such, for purposes

of this motion, Movants have the largest known financial interest in the relief sought by the Class

and accordingly, are presumed to be the "most adequate plaintiff."

### 3.    The Bonelli Plaintiff Group Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B) and 15 U.S.C. §78u-4(a)(3)(B), in addition to

possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must

also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

Rule 23(a) provides that a party may serve as a class representative if the following four

requirements are satisfied:

> (1)  the class is so numerous that joinder of all members is impracticable, (2) there
> are questions of law or fact common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy –

directly address the personal characteristics of the class representative.  Consequently, in

deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and

adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

lead plaintiff moves for class certification.  Fischler v. Amsouth Bancorporation, 1997 U.S. Dist.

LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866, at *20.   As

detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23,

thereby justifying their appointment as lead plaintiffs.

**a.     The Bonelli Plaintiff Group
Fulfills The Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of

those of the class.  Typicality exists if claims "arise from the same course of events, and each

class member makes similar legal arguments to prove the defendant's liability."  See In re Drexel

Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506

U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S.

946 (1985).  However, the claims of the class representatives need not be identical to the claims

of the class to satisfy typicality.  Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions
> between the claims of the named plaintiffs and those of other class members.  Thus,
> similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp,Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted);

see also Halperin v. Nichols, Safina, Lerner & Co., 1996 U.S. Dist. LEXIS 16111, at *13-14

(N.D. Ill. 1996).

Movants seek to represent a class of purchasers of Columbia Mutual Fund shares which

have identical, non-competing and non-conflicting interests.  Movants satisfy the typicality

requirement because, just like all other class members, they: (1) purchased Columbia Mutual

Fund shares during the Class Period; (2) at prices allegedly artificially inflated by defendants'

materially false and misleading statements and/or omissions; and (3) suffered damages thereby.

Thus, Movants' claims are typical of those of other Class members since their claims and the

claims of other Class members arise out of the same course of events.

### b. The Bonelli Plaintiff Group Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of lead plaintiff movants to: (1) whether there are any conflicts between the interests of the lead plaintiff movants and the members of the Class; (2) whether the lead plaintiff movants are adequate representatives of the Class; (3) whether the interests of the lead plaintiff movants are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. As detailed above, Movants share common questions of law and fact with the members of the Class and their claims are typical of the claims of other class members. Further, Movants already have taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed certifications detailing their Class Period investments and expressing their willingness to serve as lead plaintiffs; they have moved this Court to be appointed as lead plaintiffs in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866, at *21-25. Furthermore, Movants have the largest known financial interest so that their "financial stake in the litigation provides an adequate incentive for the [Movants] to vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416. Thus, Movants, in addition to having the largest financial interest, also prima facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Fed. R. Civ. P. and therefore, satisfy all

elements of the Securities Act and Exchange Act's prerequisites for appointment as lead plaintiffs in this action pursuant to 15 U.S.C. §77z-1 (a)(3)(B)(iii) and 15 U.S.C. §78u-4(a)(3)(B)(iii), respectively.

### III.    THE COURT SHOULD APPROVE
###          THE BONELLI PLAINTIFF GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v) and 15 U.S.C §78u-4(a)(3)(B)(v), lead plaintiffs shall, subject to Court approval, select and retain counsel to represent the Class.  In that regard, Movants have selected and retained Schiffrin & Barroway, LLP to serve as lead counsel for the Class and Gilman and Pastor, LLP to serve as liaison counsel for the Class.  These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. See Check Decl. at Exhibits E and F.

Because there is nothing to suggest that Movants or their counsel will not fairly and adequately represent the Class, or that Movants are subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Securities Act and the Exchange Act – this Court should appoint the Bonelli Plaintiff Group as lead plaintiff and approve their selection of Schiffrin & Barroway, LLP as lead counsel for the Class and Gilman and Pastor, LLP as liaison counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Bonelli Plaintiff Group as lead plaintiffs; (c) approve Movants' selection of Schiffrin & Barroway, LLP as lead counsel; and (d) approve Movants' selection of Gilman and Pastor, LLP as liaison counsel for the Class.

Dated: April 13, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By:      /s/ David Pastor_____
         David Pastor (BBO # 391000)
         Peter A. Lagorio (BBO # 567379)
         Stonehill Corporate Center
         999 Broadway, Suite 500
         Saugus, MA 01906
         Telephone:    (781) 231-7850
         Facsimile:    (781) 231-7840

         **Proposed Liaison Counsel**

         **SCHIFFRIN & BARROWAY, LLP**
         Andrew L. Barroway
         Stuart L. Berman
         Darren J. Check
         Sean M. Handler
         Three Bala Plaza East, Suite 400
         Bala Cynwyd, PA  19004
         Telephone:    (610) 667-7706
         Facsimile:    (610) 667-7056

         **Proposed Lead Counsel**